## SARTOR *vs.* BRANCH BANK AT MONTGOMERY.

[AMENDMENT OF JUDGMENT NUNC PRO TUNC.]

1. *Code construed by previous judicial decisions.*—Where a pre-existing statute has been incorporated in the Code, it must be received with the judicial construction which had previously been placed on it.
2. *When amendment nunc pro tunc may be made.*—Under the statute (Code, § 2401) authorizing the amendment of clerical errors "at any time within three years after the rendition of final judgment," a judgment may be amended, *nunc pro tunc*, after the lapse of twelve years, when the record shows sufficient evidence.
3. *Binding effect of precedents.*—The decision in this case was rested partly on the authority of previous adjudications; the court saying, "We should be strongly inclined to dissent from this proposition, if the question was not embarrassed by previous decisions."

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. JOHN GILL SHORTER.

IN this case, a summary judgment was rendered, on notice and motion, in March, 1842, in favor of the Branch Bank at Montgomery against William Moody and *David* Sartor; but the amount of damages, being the principal and interest due on a promissory note, was left blank in the judgment entry.

At the January term, 1855, the plaintiff moved the court to amend this judgment, *nunc pro tunc*, by inserting the amount of the damages, and changing the name of *David* Sartor to *Daniel* Sartor ; and in support of the motion, produced the original judgment, together with the note and notice on which it was founded. The court granted the motion to amend, on condition that the plaintiff would consent that the defendants might sue on a writ of error to reverse the judgment ; and the plaintiff consenting to the condition, the judgment was accordingly amended. The amendment of the judgment is now assigned as error.

H. C. Semple, for the appellant.

John A. Elmore, *contra*.

WALKER, J.—There can be no doubt that the amendment *nunc pro tunc* was properly allowed by the court below, unless the time intervening between the rendition of the judgment and the application for the amendment had the effect of barring it.

In 1824 there was adopted in this State a statute as follows : " The circuit and county courts, respectively, shall and may, at any time within three years after final judgment, upon the application of either party, amend any clerical error, or misprision, in calculation of interest, or other mistake of a clerk, where there is sufficient matter apparent upon the record to amend by," &c.—Clay's Digest, 322, § 55. A section, corresponding with that in every essential particular, found in the Code, (§ 2401,) is as follows : " The judges of the circuit courts may, at any time within three years after the rendition of final judgment, upon the application of either party, amend any clerical error, mistake in the calculation of interest, or other mistake of the clerk, when there is sufficient matter apparent on the record or entries of the court to amend by."

Under the statute found in Clay's Digest, this court, in several instances, allowed an amendment *nunc pro tunc* after the lapse of three years, notwithstanding the defense of the statute was urged.—Wilkerson v. Goldthwaite, 1 Stew. & P. 139 ; Mays v. Hassel, 4 *ib*. 222 ; Collins & Co. v. Hyslop &

Son, 11 Ala. 508 ; Brown v. Bartlett, 2 Ala. 29. There is nothing in any of the previous decisions in conflict with those above cited, except a *dictum* in the case of Armstrong v. Robertson & Barnwell, 2 Ala. 168. See, also, Lee v. Houston, 20 Ala. 301.

We have uniformly held, that where a pre-existing statute has been incorporated into the Code, it must be received with the settled construction previously given to it in this court. *Ex parte* Banks, 28 Ala. 28 ; Duramus v. Harrison & Whitman, 26 Ala. 339 ; Stallworth v. Stallworth, opinion by Stone, J., at the present term. The statute contained in the Code having received a settled construction before the adoption of the Code, we feel constrained to adhere to it ; and must, consequently, decide that the motion to amend *nunc pro tunc* in this case was not made too late.

We would be strongly inclined to dissent from the proposition, that an amendment of a judgment, *nunc pro tunc*, could be made after the expiration of three years from its rendition, if the question was not embarrassed by previous decisions. We, therefore, rest our opinion in this case upon the authority of the precedents, and upon the presumption that the old statute was carried into the Code with its previously received construction.

The judgment of the court below is affirmed.