# Commissioners Court of Lowndes County *v.* Hearne.

### *The Establishment of a Public Road.*

1. *The Court of County Commissioners has quasi legislative power.*—The Court of County Commissioners in reference to the establishment and change of public roads exercises a *quasi* legislative authority, which other tribunals will not revise or control, unless its action injures or interferes with rights of property.

2. *Its records must show jurisdiction.*—The court is of limited statutory authority, and to support its proceedings when assailed on *certiorari*, its records must affirmatively show jurisdiction.

3. *After its action a right to writ of certiorari is complete.*—After the

court orders the change of a road, appoints viewers and accepts their report, the right of a person aggrieved, to a *certiorari* is complete; and the court in its return should certify its records as they existed when the writ was issued, and not a record subsequently made whose validity has not been questioned.

4. *The Court of County Commissioners can amend its records.*—The Commissioners' Court, like every court of record has power to amend its records *nunc pro tunc,* if there be matter of record, that authorizes the amendment..

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

Joseph T. Hearne filed a petition in the Circuit Court of Lowndes county, praying that a writ of *certiorari* be issued to the Court of County Commissioners of the said county, requiring it to certify the record of its proceedings "in the matter of the change of route of the public road, leading from Lowndesboro' to the Montgomery and Benton road, and that all action on the decree for the change of the said road be suspended."

The record shows that on the petition of a large number of persons the Court of County Commissioners appointed eleven citizens " to view and mark out a new route for a portion of the Vernon road lying between Lowndesboro' and the Cross Roads on the Telegraph road, commencing at a point on said Vernon road on the level beyond R. W. Russell's residence, thence through the land of said Russell to a point at or near the intersection of the road leading to Montgomery; thence in same direction through the lands of Dr. J. T. Hearne, passing to the right of the residence on said lands; thence to the lands of Mary McCall; thence to the best and most practicable route to the Cross Roads."

On the 23d day of February, 1875, the persons appointed by the Court of County Commissioners on a previous day,. made this report:

" The State of Alabama, Lowndes county. To the Honorable Commissioners Court of Lowndes county: We, the undersigned, appointed by your honorable court as a jury to view and mark out a new road, changing the road known as the Vernon road, lying between Lowndesboro' and the Cross Roads, beg leave to make the following report: According to notice to meet on Thursday, 23d inst., we assembled at the place for locating the road, three of the jurymen appointed by your court being absent, to-wit: T. L. Farris, E. P. Holcombe and Pitt Tyson, three other free or householders were substituted in their places, to-wit: W. Bohley, C. Robinson and J. P. Wilson, and after being duly sworn proceeded to view and examine the location of said change proposed in.

[Commissioners Court of Lowndes Co. v. Hearne.]

your said commission, and found the ground over which it would pass practicable and an improvement over the old route, and therefore proceeded to stake off said new route, following the route of your said commission, commencing at the point designated in the commission, passing through the lands of R. W. Russell, thence across the lands of J. T. Hearne, thence across the lands of Mary McCall, selecting the best and most suitable route for the road, with a view to the least damage to the owners of land, and intersecting the old road at the Cross Roads."

On the first day of July, 1875, the Hon. James Q. Smith, circuit judge, issued an order, upon the petition of J. T. Hearne, presented on the 28th day of June, 1875, to the clerk of the Circuit Court of Lowndes county in the following terms:

"Upon the petitioner, J. T. Hearne, entering into bond with sufficient securities, in the sum of one hundred dollars, conditioned to pay all such costs and damages as the Court of County Commissioners of Lowndes county may suffer from suing out of said writ, and to pay such judgment as to costs as may be rendered against him by the Circuit Court, you will issue the writ of *certiorari* directed to the Court of County Commissioners of Lowndes county, commanding them to send up the record of their proceedings in the matter of the petition of D. McCall and others, for a change of location of a portion of the public road leading from Lowndesboro to the Montgomery and Benton road, to the said Circuit Court, and to stay all proceedings in said case until the further orders of this court."

The petitioner complied with the condition of the order, and the writ of *certiorari* was issued in pursuance of it on the seventh day of July, 1875. It was received in the sheriff's office on the ninth of that month, and was executed on all the members of the Court of County Commissioners, except J. V. McDuffie, on the 20th of July, 1875.

The subsequent proceedings of the Court of County Commissioners clearly appear in the opinion of the court.

WATTS & SONS, and COX & HOUGHTON, for appellant. 1. If any part of the record shows the court had jurisdiction, this is sufficient.—29 Ala. 9. The recitals in the record are sufficient to show the jurisdiction.—34 Ala. 461; 15 Ala. ——. The statute prescribes what is necessary to give the court jurisdiction.—Code, §§ 1312, 1313. But it is not necessary that all the facts prescribed by the statute

[Commissioners Court of Lowndes Co. v. Hearne.]

should appear in the petition.—50 Ala. 549; 29 Ala. 9. All reasonable presumption will be made in favor of a court on a matter within its jurisdiction.—18 Ala. 176.

2. The failure to recite in the order appointing ten persons that seven of them were disinterested householders of the county, did not affect the jurisdiction of the court, it was merely an irregularity.—34 Ala. 461. When a number of persons are appointed to perform a public duty a majority of them may act.

ELMORE & GUNTER, for appellee.—1. Three things are necessary to give a Commissioners Court jurisdiction to establish a road must appear in its record, viz: 1. An application to the court by petition. 2. Thirty days notice of the application by advertisement at the court-house door, and three other public places in the county; two of which shall be in the immediate neighborhood of the road sought to be established, changed, or discontinued. 3. The location of the road in the county.—Rev. Code, § 1312; 15 Ala. 134, 829; 18 Ala. 694; 22 Ala. 484; 25 Ala. 480; 26 Ala. 568; 34 Ala. 461.

2. It is not sufficient that the record should state that due and legal notice was given. This is a conclusion of law and not the statement of a fact. — 22 Ala. 484; 26 ib. 568. Neither waiver, appearance nor consent can confer jurisdiction on the court, nor failure of party to object.—3 Ala. 670; 18 Ala. 694.

3. The record does not show that the proper notice was given, or that the road was in Lowndes county. This was attempted to be cured by an order after the writ of *certiorari* had issued and served on the commissioners, except the judge of probate. This order can not be considered as any part of the record or the proceedings brought up on the return of the writ of *certiorari*. None will be considered which were rendered after the service of the writ on the four commissioners, except an amendment of the previous proceeding *nunc pro tunc*.—44 Ala. 252.

4. This order is not, nor does it technically or substantially purport to be the correction of previous proceedings *nunc pro tunc*. It refers to no record, nor to matter *quasi* of record by which it is entered. It is a mere recital of what the court said when it made the entry of what had taken place at the previous terms of the court. This, therefore, is not an amendment *nunc pro tunc*, and can not be considered as part of the record.

BRICKELL, C. J.—The continuous course of decision from an early day has been, that the Court of County Commissioners in reference to the establishment and change of public roads, exercises a *quasi* legislative authority, which other tribunals will not assume to revise or control, unless its action is productive of injury to, or interference with the rights of property of individuals. If in the establishment, or the change of a public road, the lands of a private person are to be taken, he has an individual interest involved, and on *certiorari*, the Circuit Court will at his instance inquire into the legality and regularity of the proceedings of the Commissioners Court. The court is of limited, statutory jurisdiction, and to support its proceedings when assailed on *certiorari*, its records must affirmatively show jurisdiction. Three things are essential to its jurisdiction, to establish or change a public road—the location of the road within the county—an application in writing for the proposed establishment, or change, of which notice for thirty days, must have been given by advertisement at the court-house door of the county, and three other public places, two of which must be in the immediate neighborhood of the road. Unless the record affirmatively discloses the existence of each and all these things, on *certiorari*, the orders of the court can not be sustained. An affirmation in the record that due or legal notice, or proper notice has been given, is not the statement of a fact, but rather a conclusion of law, and as intendments can not be made to support the jurisdiction, will not sustain the order of the court.—*Molett v. Keenan*, 22 Ala. 484; *Keenan v. Commr's Court*, 26 Ala. 568.

The record of the Commissioners Court, when the *certiorari* was sued out, and until service had been made on every member of the court, except the probate judge, did not disclose that the road, the route of which it was proposed to change so that it would pass through the lands of the appellee, was situate in Lowndes county; nor did it disclose that notice of the application for the change had been given, othewise than by the general statement, that *it was shown to the satisfaction of the court, that the proper legal notice of application to change said road had been given.* Viewers had been appointed to mark and locate the road as the change was proposed, who had acted, reported their action, and their report had been confirmed. The overseer was directed, (after the issue of the writ of *certiorari*,) by the probate judge to open the road as the change had been ordered, and the day after the service of the writ on the commissioners he makes return

of the order, and singularly in that return, affirms that about which the record was silent, *that the road lies in Lowndes county.* There is also found in the record, an order confirming the report of the overseer, which contains a recital of every fact essential to the jurisdiction of the court, and the regularity of its proceedings. This order also states in substance that the matter of the application for the change of the road had been continued until the day of the making of the order, which was a regular term of the court. After the court had ordered the change of the road, appointed viewers to mark out the road as changed, and they had made report which the court had accepted, the only duty of the court was to make an order for the opening of such road. It is not contemplated by the statutes that there shall be any confirmation by the court of the action of the overseer. We will not say such confirmation is irregular, or improper. But after the court had ordered the change of the road, appointed viewers, and accepted their report, the right of the petitioner to a *certiorari* for the revision of their proceeding, was complete.—*Smith v. Commr's Court,* 1 Stew. 183. The *certiorari* which was issued, was a command that the court should certify its records as they existed, at the time of its issue, and not a record subsequently made, the validity of which was not questioned. Beside, the mandate of the circuit judge granting the writ of *certiorari,* directed a stay of all proceedings until the further order of the Circuit Court. This subsequent proceeding, was in direct violation of and contempt of this mandate. It was competent for the Commissioners Court, as it is for every court of record, to amend its records *nunc pro tunc,* if there be matter of record, authorizing the amendment. And on a proper application, supported by proper proof, the Circuit Court would doubtless have modified the order for the stay of proceedings, that such amendment should be made, and would have authorized a further return to the *certiorari,* to embrace the amendment, if properly made. This subsequent entry of record, coming as it does under questionable circumstances, not a part of the record when the *certiorari* issued, made in violation of the order of the judge granting the writ, was properly disregarded by the Circuit Court. Disregarding it, the record does not disclose the jurisdiction of the Court of County Commissioners, and its order was properly reversed.

Let the judgment be affirmed.

STONE, J., not sitting.