Thomas Woods *v.* B. Eilers.

[Abstract Kentucky Law Reporter, Vol. 7—824.]

**Covington City Charter.**

　　No contract for the construction or improvement of its streets can be made by the council of the city of Covington until its proceedings relative thereto are referred to its law committee, in conjunction with its city attorney, and a report received from them as to the regularity of the same under the city charter and whether the city will be liable for the cost of the work.

**Council's Right to Correct Its Record.**

　　The city council of Covington has a right by an order to correct the records so as to make them speak the truth, if such action is taken promptly.

APPEAL FROM KENTON CHANCERY COURT.

May 22, 1886.

Opinion by Judge Holt:

By the charter of the city of Covington no contract for the construction or improvement of its streets can be made by its council until its proceedings relative thereto are referred to its law committee, in conjunction with its city attorney, and a report received from them as to the regularity of the same under the city charter and whether the city will be liable for the cost of the work. The provision is imperative. Its wisdom is manifest. The power to make the improvement and then compel the lot owner to pay for it is derived from the statute alone, and is of an absolute character. It is therefore liable to abuse, and may sometimes be individually oppressive that the public good may be subserved. It must be strictly followed. It is likely to prevent improper municipal legislation and to guard private property from spoliation. In the case of *Worthington v. Covington,* 82 Ky. 265, it was held that the adjoining lot owner was not liable for the cost of the improvement in the absence of such reference and report. In this case the council referred the matter of the improvement, the cost of which is now in question, to the law committee and the city attorney with the direction to report "whether or not the city would be liable for said improvements." The charter required that they should report

"whether said proceedings are regular and in accordance with the provisions of the charter and the amendments thereto, and whether the city will be liable for the costs of said construction or improvement." This report was made: "Contract and bond examined and found correct; also proceedings of council, and that the city will not be liable for the improvements in contract No. 147." It is true that the order of reference did not comprehend as much as the charter provision, but the latter prescribes the duties of those to whom the reference is required and they appear to have complied with it. It was their duty to do so although the order of reference did not fully direct them in this duty, and while the report did not in the language of the charter say "whether said proceedings are regular and in accordance with the provisions of the charter and amendments thereto," it substantially conforms thereto by reporting that the proceedings were correct. A literal report in the language of the charter was of course not required.

The report was made on May 11, 1882. It was approved on May 18, 1882. It appears that the city attorney in fact signed his individual name to it, but with no official designation; and in entering the report upon the record of the council the clerk omitted to copy his name. These are admitted facts upon the pleadings. On October 19, 1882, and after the institution of this suit, the council by a resolution directed the clerk to enter the name of the city attorney upon its record as signed to said report, and he did so. It is claimed by the appellee that they had no power to do this; that although the name of the person who was in fact the city attorney was signed to the original report, yet as no official designation was added to it there was no report as by law required; and that even if this be not true, yet as the record of the council did not show that he had signed the report, the fact that he had signed the original can not avail, as the council speaks through its record. The objection that no official designation was appended to the city attorney's name can not prevail. The person who in fact held that office united in the report. The purpose of the law was accomplished, and to hold that, because in signing the report he omitted to add his official title, the appellant shall be paid for his labor, would be a sacrifice of substance to form at the expense of justice. But a short time had elapsed from the making of the report until the council directed its amendment. It is fair to presume that the same persons were yet in office. They had something by which to

amend their record. The original report showed that the person who was in fact the city attorney had signed it, and having been received by the council, and their record showing that it had been presented and approved by them, it was in fact a part of their proceedings and a public record.

It was being kept as such; and the case is utterly unlike that presented in the *City of Covington v. Ludlow,* 1 Metc. (Ky.) 295, where a new council attempted to amend the record so that it would appear from it that a former one had passed an ordinance unanimously, when the record merely showed that it had been reported. This was an attempt to show certain action by a former council, when the one so attempting had nothing to amend by or upon which to act. In the case now before us the question arises upon the report of a committee, which was in fact signed by the necessary parties and became a part of the record of the council; but in entering it upon its record, it deeming it best to have this done, a clerical error was committed.

Even conceding that council could not in this instance amend the record in order to show the truth by the aid of the original paper, which was a part of its records, yet the appellee's position is not maintainable. The report was in fact made by the proper persons. It was received by the council, and thereby made a part of its proceedings. The rights of no intervening third party are involved. The spirit and substance of the law were complied with by the presentation of the report to the council; and its being at the time incorrectly spread upon its minutes can not defeat rights the vesting of which depended not upon this being done correctly, but upon the making of the report by the proper authority. The work done by the appellant was in the original construction of a street; it was not the repairing or renewing of an old one; and the second amended answer therefrom presented no defense by virtue of the charter provision that if a street or alley be "repaired or renewed" it shall be at the cost of the city, and the objection to its being filed should have been sustained. Judgment reversed with directions to render a judgment for the appellant and for further proceedings consistent with this opinion.

*Hallam and Myers, for appellant.*

*Carlisle & Goebel, and Carlisle, for appellee.*