# Mitchell *v.* Commissioners Court of Coosa County.

### *Application for Writ of Certiorari or Supersedeas.*

1. *Commissioners' court has power to vacate void order.*—A commissioner's court has power and authority, *ex mero motu*, to set aside a void order made by it at a former term changing a public road.

APPEAL from the Circuit Court of Coosa.

Heard before the Hon. J. M. CARMICHAEL.

The commissioners court of Coosa county, upon a petition by the appellant and other named citizens of said county, made and entered on the minutes of the court an order or decree changing a public road. At a subsequent term, the court entered an order declaring the former decree void, and *ex mero motu* set aside said decree and ordered the road which was changed to be re-established. The original petitioner then filed his application, addressed to the judge of the circuit court, asking for a writ of *certiorari* to review and to have the last order of the commissioners set aside, and that the overseer of the road be restrained from complying with the order of the court.

On the submission of the cause, the circuit court held that the decree of commissioners court at a subsequent term, setting aside the former void decree, was correct, and, therefore, ordered that the *certiorari* issued in accordance with the petition be quashed. From this judgment of the court the present appeal is prosecuted, and its rendition is assigned as error.

FELIX L. SMITH, for appellant.—The void order of the court could only be set aside on the application of the party interested.—*Baker v. Barclift*, 76 Ala. 414; *Glass v. Glass*, 76 Ala. 368; *Buchanan v. Thomason*, 70 Ala. 401.

E. V. JONES and J. E. COBB, *contra*, cited *Glass v. Glass*, 76 Ala. 370.

COLEMAN, J.—It seems to be conceded by counsel for appellant that the judgment or order of the commissioners court changing the public road was void on its face, upon the ground that the judgment did not affirmatively show the jurisdictional facts. In this aspect of the record, the only question presented for revision, and the only one argued by counsel, is whether the commissioners court, at a subsequent term, had the power and authority, *ex mero motu*, to set aside the void order or judgment. We do not think the question admits of a doubt. The fact that in the cases cited on brief of appellant's counsel, the void orders were set aside upon the motion of some party interested, furnishes no argu-

ment in favor of the proposition that without such motion, the court had no jurisdiction to set aside its former void order. In a case like the present, where the public are directly interested, it was the duty of the court to have proceeded as it did, and vacate its former order, by which the public road was illegally changed. *Moore v. Easley*, 18 Ala. 619; *Commissioners Court v. Hearn*, 59 Ala. 371; *Pettus v. McClannahan*, 52 Ala. 55; *Glass v. Glass*, 76 Ala. 368; *Commissioners Court v. Thompson*, 18 Ala. 694.

Affirmed.