# Oldacre, Admr., v. Butler.

*Proceedings to dismiss levy of Execution.*

1.  *Levy of execution; national bank stock subject to levy.*—The shares of stock in a national bank may be levied upon and sold under execucution issued against the owner thereof, when the levy and sale will not interfere with the operation of the bank as a governmental agency.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. O. KYLE, Special Judge.

J. F. and G. W. Butler recovered, in April, 1896, a judgment against H. S. Freeman in the circuit court of Morgan county, for the sum of $664.45 and cost of suit, and after the adjournment of the term of the court in which said judgment was recovered, execution was issued thereon, and went to the hands of the sheriff of Morgan county, and *alias* and *plures* executions were issued on said judgment and placed in the hands of the sheriff of Morgan county, after the adjournment of each term of the court. The last of said executions issued April 3, 1897, and was placed in the hands of one S. P. Ryan as sheriff of said county, and was by him levied upon ten shares of the capital stock of the First National Bank of Decatur, Alabama, and notice of said levy was given W. W. Littlejohn as cashier of the bank, and to appellant, W. H. Oldacre, as the administrator of the estate of H. S. Freeman ; the latter having died subsequent to the rendition of said judgment, while execution was in the

[Oldacre, Admr., v. Butler.]

hands of the sheriff, and prior to the issuing of the execution of April 3, 1897, which was, as stated above, levied on said ten shares of stock.

At the spring term, 1897, of the circuit court of Morgan county, appellant, W. H. Oldacre, as the administrator of Freeman, made a motion to have the levy on said ten shares of the capital stock of the First National Bank of Decatur vacated, upon the ground that stock in a national bank can not be levied upon and sold under execution. The court overruled this motion, and from this ruling of the court this appeal was taken.

W. R. FRANCIS, for appellant, cited Code of 1886, § 1673; *Doty v. First Nat. Bank*, 17 Law Rep. Ann. 259; *Farmers, &c. Bank v. Dearing*, 91 U. S. 29; 20 L. R. A. 196.

SPEAKE & RUSSELL, *contra*, cited 16 Amer. & Eng. Encyc. of Law, 195; *Hager v. Bank*, 63 Me. 509; *In re Braden's Estate*, 30 Amer. Rep. 746.

HEAD, J.—We regard the principle ruled in *Winter v. Baldwin*, 89 Ala. 483, as applicable to this case, and of controlling influence upon its decision. The petition to vacate the levy upon the particular shares of stock, in question, alleges no fact going to show that the sale of that stock, and its transfer to another owner, by the process of execution, under our statute, would at all interfere with the operation of the bank as a governmental agency, offending the laws of the United States concerning national banks. If, as counsel suggests, the shares of officers of the bank could not be levied on and sold without putting such officers and directors out of office, and, consequently, that such a levy and sale would not be permitted because it would thus operate to obstruct the management of the bank, it will be time enough to say so, when that case arises. This petitioner is neither an officer nor director.

The ruling of the special judge was correct, and the judgment is affirmed.