(96 South. 753)

## MARENGO COUNTY v. BARLEY et al.
### (2 Div. 807, 807a.)

(Supreme Court of Alabama.   Jan. 4, 1923. Explanatory Opinion June 18, 1923.)

**I. Counties** &cong;164—**Commissioners' court authorized to issue interest-bearing warrants.**

The commissioners' court has authority to issue interest-bearing warrants.

**2. Counties** &cong;53—**Commissioners' court has inherent power to amend its records.**

The commissioners' court, independent of Code 1907, § 4140, has inherent power under section .4139 to amend its records so as to make them speak the truth, without limitation as to time.

**3. Counties** &cong;165—**Addition to warrant for delay in collection held unauthorized.**

The addition in excess of its true amount to a warrant issued by the commissioners' court by way of compensation for necessary delay in its collection was not a due observance of Code 1907, § 147, in proof of and allowance of a just claim against the county to the extent of the extra allowance which was made with a commissioner's knowledge of the excess.

**4. Appeal and error** &cong;1078(1)—**Errors not insisted on in argument held waived.**

Assignments of error not insisted on in argument are waived.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Bill by Marengo County against Eugene A. Barley and the Marengo County Bank, as county depository. From the decree rendered complainant and respondent Barley appeal. Corrected and affirmed on direct appeal; reversed and rendered on cross-appeal.

The bill shows the audit and allowance by the commissioners' court of four certain claims against the county, and that the commissioners' court took the following action upon each of said claims:

"Application of R. E. Rentz. Claim No. 11. It is ordered by the court that the applicant be paid out of the county treasury the sum of $18.75, board for men boring county well. Minutes No. 9, page 1.

"Application of J. B. Lewis. Claim No. 22. It is ordered by the court that the applicant be paid out of the county treasury the sum of $48.00, damages for county road. Minutes No. 8, page 576.

"Application of Demopolis Cotton Mills. Claim No. 8. It is ordered by the court that the applicant be paid out of the county treasury the sum of $314.32, bridge work claim No. 8. Minutes No. 9, page 8.

"Application of W. J. Smyley. Claim No. 94. It is ordered by the court that the applicant be paid out of the county treasury the sum of $409.93, itemized account feed for county, Southeast district. Minutes No. 9, page 195."

It is further shown that the probate judge drew a warrant against the county depository in payment of each of said claims, specifying in each warrant:

"With interest from date at 8 per cent. per annum, until payable in the order of registration."

And it is averred that said warrants are void for that the minutes of the commissioners' courts show no order allowing interest at 8 per cent. or any other rate.

It is averred that said warrants were assigned by the holders thereof to the respondent Barley.

It is averred as to the Smyley warrant that the bill filed by this claimant was for $305.75, and that the allowance by the court of county commissioners was of $409.93, and the warrant issued was for the larger amount.

The object of the bill is the cancellation of the warrants in question in toto or to the extent they are illegal.

The answer shows that the commissioners' court, subsequent to the allowance of said claims, made an order directing the judge of probate to correct the minutes so as to speak the truth and thus to authorize the issue of warrants to said claimants bearing 8 per cent. interest. The answer further shows that it was agreed and understood between the claimant Smyley and the commissioners' court that an excess of the actual value of goods furnished him should be allowed to him by reason of his indulgence to the county in the matter of payment, delivery to distant points in the county, etc.

On submission the trial court decreed that each of the warrants was invalid as to interest, and ordered that the provision therefor in each warrant be stricken.

I. I. Canterbury, of Linden, and Ben F. Elmore, of Demopolis, for appellant.

An amendment of a judgment can be had only to correct clerical errors or omissions shown by the record, and the error or omission must appear from the record. 187 Ala. 307, 65 South. 525; 145 Ala. 629, 40 South. 123; Code 1907, §§ 4139, 4140. There is no authority to issue an interest-bearing warrant for the financial obligations of the county, where the obligation was not created by contract of the county commissioners, or the agreement is not based on a valuable consideration. 197 Ala. 375, 72 South. 613; 204 Ala. 13, 85 South. 443; 175 Ala. 614, 57 South. 942; 193 Ala. 275, 69 South. 554, Ann. Cas. 1918B, 593; 189 Ala. 165, 66 South. 464; 137 Ala. 155, 34 South. 171; 185 Ala. 263, 64 South. 91, Ann. Cas. 1916C, 573; 193 Ala. 538, 68 South. 971. In the examination and allowance of claims, the action of the court is executive and administrative; but no claim can be allowed, unless section 147 of the Code has been complied with. 168 Ala. 432, 53 South. 196. It was error not to decree the Smyley warrant void as to the excess. 53 Ala. 25; 105 Ala. 576, 17 South. 112; 168 Ala. 436, 53 South. 196.

Wm. Cunninghame, of Linden, and Henry McDaniel, of Demopolis, for appellee.

The commissioners' court had authority to make contracts for the county, and to pay for the same. Acts 1915, p. 573; 119 Ala. 600, 24 South. 505; 171 Ala. 379, 54 South. 998; Code 1907, §§ 3312, 3313; 143 Ala. 374, 42 South. 78; 18 Ala. App. 170, 89 South. 823; Acts 1911, p. 356; 80 Ala. 283; 116 Ala. 28, 22 South. 629; 15 Ala. 134; 6 Port. 197. The commissioners' court had authority to issue interest-bearing warrants for county purposes. 193 Ala. 521, 68 South. 971; 189 Ala. 164, 66 South. 464; 185 Ala. 263, 64 South. 91, Ann. Cas. 1916C, 573; 203 Ala. 401, 83 South. 170; 195 Ala. 614, 71 South. 448; 18 Ala. App. 170, 89 South. 823; 180 Ala. 649, 61 South. 963. The commissioners' court had the power to amend its records nunc pro tunc, so as to make them speak the truth. 59 Ala. 371; 116 Ala. 650, 22 South. 993; 124 Ala. 444, 27 South. 486; 123 Ala. 427, 26 South. 208, 82 Am. St. Rep. 132.

THOMAS, J. [1] 1. The commissioners' court had the authority to issue interest-bearing warrants. Board of Revenue v. Merrill, 193 Ala. 521, 68 South. 971; Town of Eutaw v. Coleman, 189 Ala. 164, 66 South. 464; Littlejohn v. Littlejohn, 195 Ala. 614, 71 South. 448. In the instant case, it seems that the claims were allowed with interest and warrants were ordered to be issued with interest, and the warrants were so issued; but the probate judge, in entering and recording the minutes, omitted interest from said minutes. The court of county commissioners exercises judicial, quasi legisla-

tive, and executive or administrative powers, and as to the auditing and allowance of claims against the county its action is executive or administrative and not judicial. Commissioners' Court v. Moore, 53 Ala. 25; Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 576, 17 South. 112. It would therefore appear that it has the authority to correct the allowance or rejection of claims without the formality of a motion nunc pro tunc, a question, however, we need not decide, as there was a motion nunc pro tunc granted on record or quasi-record evidence.

[2] The commissioners' court, independent of section 4140 of the Code, which seems to apply to circuit courts or courts of like jurisdiction, has the inherent power to amend its records so as to make them speak the truth. Section 4139 of the Code of 1907. "It was competent for the commissioners' court, as it is for every court of record, to amend its record nunc pro tunc, if there be matter of record authorizing the amendment." Commissioners' Court v. Hearne, 59 Ala. 371; Mitchell v. Commissioners' Court of Coosa County, 116 Ala. 652, 22 South. 993, and cases cited. Nor do we find any limitation as to the time within which this may be done, as section 4140 does not apply to the commissioners' court. Moreover, the three years mentioned in said section has been held not to be one of limitation. Sartor v. Bank, 29 Ala. 353.

[3] 2. It is conceded, and the record establishes, that the Smyley warrant was made for a sum in excess of its true amount, and to the extent of $104.18. The bill charges such to have been the fact, and respondent in pleadings and by agreement of counsel admits the same to be true. It is averred that $104.18 was added to the warrant by way of compensation for the necessary delay in its collection, or as difference between the cash and credit price on sales as made and the cost of transportation to a distant point in the county; and such fact was within the knowledge or brought to the notice of a commissioner of the county while in the discharge of his duty as such official; that when the allowance was made it was with a knowledge of the excess. This was not the due observance of section 147 of the Code, in proof of and allowance of a just claim against the county to the extent of the extra allowance of $104.18 to the Smyley bill. Its payment may be duly resisted by the county as to such excess. Converse Bridge Co. v. Geneva County, 168 Ala. 432, 453, 53 South. 196. The decree of the trial court is in error in the allowance of this item in the sum of $409.93, and should have been for the amount of $305.75. The approval of the claim by the county authorities charged with such duty can only be justified or sustained for its true amount, and was void as to the excess challenged in the instant suit. Commissioners' Court v. Moore, 53 Ala. 25; Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 576, 581, 17 South. 112. There is slight analogy in Board of Revenue v. South. Bell T. & T. Co., 200 Ala. 532, 76 South. 858. The decree is modified as to the Smyley claim, which is a legal charge against the county in the sum of $305.75.

3. It is admitted by counsel for the county that warrants originally issued to Rentz and Lewis were proper charges against the county. The record sustains this position and such items are proper charges against the county with interest.

Correctly and affirmed on direct appeal, and reversed and rendered on cross-appeal.

All the Justices concur.

PER CURIAM. [4] Since the announcement of the foregoing opinion, and after the time for an application for rehearing had expired, it has been brought to the attention of the court that the bill of complaint attacked, among other things, a bridge warrant issued to the Demopolis Cotton Mills Company because for over $250, and there was no compliance with Acts 1915, p. 573, § 11, as to giving notice for bidders. This item was at'·ked in the bill of complaint, and the decree of the trial court upheld the validity of this warrant, and the ruling·in this respect is made the basis of the second assignment of error. Appellant's brief, however, makes no allusion to this item except in the general statement as to the contents or purpose of the bill, and makes no insistence against the correctness of the decree in this respect in the argument, including the statement. It is well established by the rule of this court that assignments of error not insisted upon in argument are waived. Therefore this item was not considered, discussed, or decided by the court, and the decision in this case cannot and must not be regarded as a recognition that the commissioners' court can disregard the mandatory provision of the act of 1915 in awarding contracts or incurring debts in excess of $250, and the opinion must not be considered as stare decisis, as this point was not insisted upon in appellant's brief and therefore received no direct consideration or treatment.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.