195 So. 277

**JEFFERSON COUNTY v. O'GARA et al.**

**6 Div. 586.**

Supreme Court of Alabama.

Oct. 26, 1939.

4

Clarence Mullins, of Birmingham, for petitioner.

Sam T. Huey, of Bessemer, opposed.

GARDNER, Justice.

A judgment was rendered against Jefferson County, and an appeal therefrom prosecuted by the county to the Court of Appeals. The judgment against the county was reversed by the Court of Appeals. Of this reversal, of course, Jefferson County cannot and does not complain. The appellees acquiesce in the judgment of reversal, and do not complain.

The Court of Appeals rested the reversal upon the theory that the form of action (assumpsit) would not lie for the recovery sought. But the court indulged in observations in the opinion, which related to the questions of merit in the cause. Obviously these observations, not being necessary to a decision of the case, as that court viewed it, must be regarded as dicta.

This petition for certiorari is filed by Jefferson County. But it is not the purpose of the writ to review mere dicta. There must be a judgment or determination affecting petitioner's rights. 11 Corpus Juris 127. "Certiorari will not lie to revise or correct erroneous opinions, however hurtful they may be to individuals against whom they are expressed. An order, judgment or determination affecting the rights of the prosecutors is necessary as a foundation for the use of the writ." 11 Corpus Juris 127. The nature of the common law writ of certiorari is commmented upon in Max J. Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341, where it is observed that its only function was to quash or sustain the proceedings. See, also, 11 Corpus Juris 88 and 110, and 3 Corpus Juris 635.

The judgment of reversal was in favor of Jefferson County, and the petition of course does not seek to quash such judgment, but seeks only a disapproval of the dicta of the opinion. This is not the function of the writ of certiorari as the above authorities indicate. See, also, Ex parte Louisville & Nashville R. R. Co., 176 Ala. 631, 58 So. 315.

We feel impelled, therefore, to dismiss the petition. But courts should, as far as possible, expedite the final determination of causes. And to that end, and with all due deference and respect, we feel it no impropriety to express our view upon the matter of the form of the remedy, and upon which alone the judgment of reversal is rested. This for the reason that the cause is still in fieri, and the Court of Appeals has control thereof, and that court, if it deems it proper, may in its discretion reconsider the matter of remedy as stated in its opinion. The suit was to recover an alleged balance due on the salary of a deputy license commissioner after rendition of the services as such; and the opinion proceeds upon the theory that a contractual relation was essential to the maintenance of the action of assumpsit. But that is not the rule obtaining in this State. "Assumpsit is an action of an equitable character, liberal in form, and greatly favored by the courts as a remedy. * * * No agreement is necessary; assumpsit will lie wherever the circumstances are such that the law, ex debito justitiæ, will imply a promise." Allen v. Mendelsohn, 207 Ala. 527, 93 So. 416, 417, 31 A.L.R. 1063. See, also, to like effect Connecticut General Life Ins. Co. v. Smith, 226 Ala. 142, 145 So. 651; 7 C.J.S., Action of Assumpsit, page 111, § 4, and 5 Corpus Juris 1392, where is cited Farwell v. Rockland, 62 Me. 296, a case here much in point, and in which the court observed: "It may be that the plaintiff might successfully have resorted to mandamus. But however that may be, we have no doubt he can maintain assumpsit."

"And it is well settled that general assumpsit lies against municipal corporations." Montgomery County v. Pruett, 175 Ala. 391, 57 So. 823, 824.

The question of the resort to mandamus relates to the matter of adequacy of any other remedy. And while some of the cited cases have held mandamus appropriate in a case of this character (Earp v. Bishop, 222 Ala. 235, 132 So. 36), yet it was not said that it was the exclusive remedy, and that general assumpsit would not lie. Any expressions tending to a contrary view in the opinion in Marengo County v. Lyles, 101 Ala. 423, 12 So. 412, were disapproved in Scarbrough v. Watson, 140 Ala. 349, 37 So. 281.

■ We think the action of assumpsit was proper in this case, and have so stated our reasons therefor that the question may be re-examined by the Court of Appeals. And if, upon such re-examination, that court likewise so concludes, then there may be had such a final determination of the cause as could be here properly reviewed in orderly manner, if so desired by the aggrieved party.

Petition dismissed.

ANDERSON, C. J., and THOMAS, BOULDIN, and FOSTER, JJ., concur.