197 So. 352

**JEFFERS v. WHARTON et al.**

6 Div. 538.

Court of Appeals of Alabama.

Nov. 28, 1939.

Rehearing Denied Jan. 9, 1940.

Reversed on Mandate June 29, 1940.

John C. Morrow, of Birmingham, for appellant.

Mullins & Deramus, of Birmingham, for appellees.

SAMFORD, Judge.

The petitioner, as executrix of the estate of Richard T. Francis, deceased, brings this petition to compel the payment of salary alleged to be due petitioner's testator as clerk of the Inferior Court of Ensley, created by the Act of the Legislature, approved November 3, 1932, in that part of Jefferson County included in Precincts 29, 45, 52 and 53.

By Section 14 of the above Act (Local Acts, Extra Session 1932, pp. 76, 79) it is provided that the Judge of said Court may appoint a clerk who shall be known as the "Clerk of the Inferior Court of Ensley",

and who shall hold office at the will of the Judge making the appointment. By the terms of said Act, the duties, powers and authority of said Clerk are fixed; he is required to give bond in an amount to be fixed by the County Commission of Jefferson County, Alabama, and conditioned to faithfully discharge the duties of his office as provided by the Act.

It is further provided that such Clerk shall receive as compensation a sum not to exceed fifteen hundred ($1500) dollars per annum, to be paid in equal monthly installments by the Treasurer of Jefferson County, Alabama, said salary to be fixed by the County Commission.

Petitioner's testator was duly and legally appointed Clerk of the said Inferior Court of Ensley, by the Presiding Judge, on January 17, 1933, and qualified as such by making bond as required by law, and entering upon its duties.

As shown by the records of the Commissioners' Court, the appointment of petitioner's testator was concurred in by the Commissioners' Court, and his salary was fixed at $125 per month.

On January 24, 1933, petitioner's testator filed the necessary bond, which was duly approved, and thereupon entered upon the discharge of his duties as such Clerk, and from that date to November 27, 1935, he continued as such Clerk, performing satisfactorily the duties of the office.

By an Act of the Legislature of Alabama in 1935, approved August 28, 1935, Gen.Acts 1935, p. 691, a county wide Civil Service System was established for Jefferson County, which system included the Clerk of the Inferior Court of Ensley, and under the provisions of said Civil Service Law, petitioner's testator acquired permanent civil service status as Clerk of said court, and from November 27, 1935, through May 31, 1937, continued under said Civil Service Law to be the legally appointed and legally qualified Clerk of said court, and during said period discharged the duties of said office.

On June 23, 1933, the County Commission of Jefferson County adopted a resolution, as shown by the Minutes of the Court, reducing the salary or salaries of all employees including that of plaintiff's testator, in the amount of ten per cent, and limiting said reduction to the months of July, August and September, 1933. The plaintiff's testator continued to draw his salary at the reduced amount of to-wit: $112.50 per month, during the remainder of his service through May 31, 1937, filing each month with the Commission a claim for said amount properly sworn to.

There appears nowhere in the Minutes of the Court of County Commissioners any resolution extending the reduction of plaintiff's testator's salary beyond the above named dates. It is admitted that plaintiff's testator continued to file his claim for salary of $112.50 and had never received the additional $12.50 per month to which it is claimed he is entitled.

It is claimed by the respondents that on September 12, 1933, the County Commission of Jefferson County, in regular session, passed a resolution that the salaries of each and every employee of Jefferson County whose salary was subject to the control or regulation of the Commission be continued to be reduced by a sum equivalent to ten per cent of the amount of salary paid to such employee prior to July, 1933, said reduction to continue in force and effect until such time as the Commission determined that the financial condition of the County justified the elimination of said reduction. It is admitted that this resolution was not made a part of the Minutes of the Commission, and it is claimed and admitted by petitioner that each month petitioner's testator filed a claim for $112.50 as his salary as Clerk of the Court, and received payment of the same.

On June 7, 1938, it was discovered that the resolution reducing the salaries beyond September, 1933, had not been made a part of the Minutes of the Commissioners' Court, and on that date the Commission, in regular session, duly and legally, passed the following resolution: "It was moved, duly seconded and unanimously carried, that the minutes of the County Commission of September 12, 1933, be amended nunc pro tunc, so as to make said minutes speak the truth by adding thereto the following: 'It was moved, duly seconded and unanimously carried that the salaries of each and every employee of Jefferson county whose salary is subject to the control or regulation of this Commission be continued to be reduced by a sum equivalent to 10% of the amount of salary paid to such employee prior to July, 1933, said reduction to continue in force and effect until such time as this Commission determines that the financial condition of the County justifies the elimination of said reduction.'"

After the passage of the Civil Service Act, hereinabove noted, plaintiff's testator certified to the Civil Service Board that he held the position of said Clerk, and that his rate of pay was $112.50 per month.

The cause was finally submitted for final order and decree on the following agreed statement of facts:

"The parties by and through their attorneys of record entered in writing into an agreed statement of facts, a copy of which is attached hereto as 'Exhibit 1' and made a part of this bill of exception as fully as if set out herein. In said agreed statement of facts the parties through their attorneys of record agreed that the facts set out in the same are true and that said cause should be submitted and tried in the Circuit Court of the Tenth Judicial Circuit of Alabama upon the facts therein agreed upon, subject to the ruling of the court as therein set out, together with the facts admitted in the pleadings.

"In said agreed statement of facts it was agreed that the respondents offered to prove by the oral testimony only of W. E. Corning and R. E. Smith subject to the ruling of the court as thereinafter set forth that at a regular meeting of the County Commission of Jefferson County, Alabama, held on September 12, 1933, the said Commission unanimously passed and adopted the following resolution:

" 'It was moved, duly seconded and unanimously carried that the salaries of each and every employee of Jefferson County whose salary is subject to the control or regulation of this Commission be continued to be reduced by a sum equivalent to 10% of the amount of salary paid to such employee prior to July, 1933, said reduction to continue in force and effect until such time as this Commission determines that the financial condition of the County justifies the elimination of such reduction.'

"To this offer the petitioner objected on the separate and several grounds that said evidence is illegal, irrelevant, immaterial and incompetent, and on the further grounds that the County Commission is a Court of Record and being a Court of record, the sole, exclusive source of evidence of its acts or actions is an authoritative written record, and on the further grounds that the minutes or some written memorial is the only evidence which the Circuit Court can receive of the proceedings of said Commission, and on the further ground that oral evidence of the official acts or actions of said County Commission is illegal and incompetent and on the further grounds that the evidence seeks to establish by parol evidence the official acts of said County Commission, which official acts or actions can be shown in the Circuit Court only by the minutes or by some authoritative written record of the said Commission.

"To this offer the court sustained the petitioner's objections.

"It was further agreed in said agreed statement of facts that the following resolution appears in the minutes of the County Commission of Jefferson County, Alabama, of June 7, 1938, and that said resolution was passed and adopted by the unanimous vote of the said County Commission at its regular meeting on said date:

"It was moved, duly seconded and unanimously carried, that the minutes of the County Commission of September, 12, 1933, be amended nunc pro tunc, so as to make said minutes speak the truth by adding thereto the following: 'It was moved, duly seconded and unanimously carried that the salaries of each and every employee of Jefferson County whose salary is subject to the control or regulation of this Commission be continued to be reduced by a sum equivalent to 10% of the amount of salary paid to such employee prior to July, 1933, said reduction to continue in force and effect until such time as this Commission determines that the financial condition of the County justifies the elimination of said reduction.'

"It was further agreed that there is no record or quasi record, and no written, evidence, except the effect, if any, to be given the facts averred in paragraph 7 of the petition as amended upon which to base the said amendment nunc pro tunc set forth in the above paragraph as adopted by the said Commission on June 7, 1938.

"The petitioner objected to the introduction in evidence and consideration by the court of the resolution set forth in the second paragraph above on the following separate and several grounds, to-wit: the same is incompetent, immaterial, illegal and irrelevant testimony in this case; the same purports to be a nunc pro tunc amendment of the records and minutes of the County Commission of Jefferson County, Alabama, of the proceedings of September 12, 1933, and it does not appear that such nunc pro tunc amendment was based or predicated upon any record or quasi record evidence of such proceedings of said County Commis-

sion on said September 12, 1933; that the order of amendment does not show, even by a general recital, that it is predicated upon satisfactory or sufficient evidence; that the said nunc pro tunc amendment does not recite that it was made on sufficient record or quasi record evidence; for that it affirmatively appears from the answer of the respondents herein filed that the amendment proceeding is rested merely upon an inadvertent omission of the alleged resolution of September 12, 1933, from the record on the part of the Clerk and constitutes but an attempt to render a new and different judgment; for that said amendment nunc pro tunc does not appear to have been rested upon any record evidence whatsoever; for that the pleadings in this cause affirmatively disclose that the alleged resolution of September 12, 1933, was omitted from the record as a result of inadvertence or mistake on the part of the Clerk of the Court; for that an amendment nunc pro tunc cannot be rested upon parol evidence; for that the evidence before the court affirmatively discloses that said amendment nunc pro tunc is not based on record or quasi record evidence; for that the evidence before the Court affirmatively discloses that said amendment is based solely on parol evidence.

"The court overruled the petitioner's objection to the introduction and consideration by the court of said resolution to which ruling of the court the petitioner then and there duly excepted.

"The said agreed statement of facts made a part hereof as 'Exhibit 1' and the facts admitted in the pleadings were all the evidence in the case.

"Whereupon it was ordered, adjudged and decreed by the court that the petitioner was not entitled to the writ of mandamus as prayed for in said petition nor to the relief therein prayed for and said petition was by the court dismissed and the costs therein accrued were taxed against petitioner to which ruling of the court the petitioner then and there duly excepted.

"Petitioner now prays that the foregoing be taken as her legal bill of exceptions when the same is signed by the Hon. J. Edgar Bowron, the judge who presided at the trial of this cause, and who tried same without the intervention of a jury, and the said Hon. J. Edgar Bowron, as such judge, does now, on this the 8 day of September, 1939, sign the bill as the petitioner's true and legal bill of exceptions in said cause."

We find no difficulty in arriving at the conclusion, under the facts in this case, that petitioner's testator was a public officer within the meaning of the statute creating the Court and creating the office of Clerk, the appointment to be made by the Judge of the Court fixing the duties of the Clerk and requiring bond, etc. There are many definitions of "public officer", some of which are limited in their nature and application. However this may be, it is well settled that where an office has been created by statute and a person is lawfully appointed to and qualifies to fill the position, such an one is a public officer. 46 C.J. 924 (3) B and Note 43.

This principle is recognized by our Supreme Court in the case of Harrington v. State, 200 Ala. 480, 76 So. 422; Hard v. State ex rel., 228 Ala. 241, 153 So. 725; Scruggs v. State, 111 Ala. 60, 20 So. 642.

Notwithstanding the general policy of the State, that all claims against a County shall be presented to the Commissioners' Court or to the Board of Revenue exercising the power and duties of the Commissioners' Court, there are exceptions to this rule; where the law itself determines the fact and amount of the claim, leaving nothing to be ascertained or determined by the County Board, it is generally held that presentment for audit, and allowance or rejection is not contemplated nor required. State ex rel. City of Mobile v. Board of R. & R. Com'rs of Mobile Co., 180 Ala. 514, 61 So. 368; Caldwell v. Dunklin, 65 Ala. 461; Shinbone v. Randolph County, 56 Ala. 183; State ex rel. Holcombe v. Stone, 26 Ala.App. 226, 157 So. 452.

It is declared to be the law in Hamilton, Tax Collector, v. Edmundson, 235 Ala. 97, 177 So. 743, that the rule which prevails and to be here applied is that the acceptance of less compensation than that established by law for an official service does not estop that official from subsequently recovering the just and due legal compensation. Any other rule would be void on the ground of public policy. In support of this rule the Justice writing the opinion cites: Stewart v. Sample, 168 Ala. 270, 53 So. 182; 46 C.J. 1027.

In the instant case the Legislature, by due enactment, created the office, provided for the appointment of a person to fill the office, and how he should qualify, and then placed the duty upon the Commis-

sioners of Jefferson County to fix the salary not to exceed a certain limit. When the plaintiff's testator, after receiving the appointment and qualifying according to law, entered upon its duties he became entitled to the emoluments of the office as fixed by the Board of Commissioners, and subject to resolutions duly and legally passed and recorded upon the Minutes of the Court. Farwell v. City of Rockland, 62 Me. 296; Ex parte Jefferson County v. O'Gara, 239 Ala. 3, 195 So. 277.

██ The office of Clerk of the Inferior Court of Ensley being statutory and the statute having delegated to the Board of Commissioners of Jefferson County the duty to fix the salary, it was within the power of the Board of Commissioners to fix the salary at any amount not exceeding $1500 per annum, and subsequently to change the salary reducing the amount. Such resolution would be binding prospectively on the incumbent. If he did not accede to the reduction, it was within his province to resign. Such resolution, however, would have no retrospective effect, and as to the time during which petitioner's testator had served he would be entitled to the original amount of salary as fixed by the Board of Commissioners. Farwell v. City of Rockland, supra.

The respondents claim that by resolution adopted by the Board of Commission of Jefferson County, the reduced salary of $112.50 was continued indefinitely, and that petitioner's testator recognized this by accepting payment in accordance with the rules made by the Civil Service System.

██ This subsequent resolution of September, 1933, however, was never reduced to writing, or at any rate was never spread upon the Minutes of the Board of Commissioners of Jefferson County as is required by law. The Board of Commissioners, or Court of County Commissioners, speaks only through its record. 15 C.J. 466 (118)6. There being no record of the resolution extending the reduction beyond September, 1933, we must hold that after September, 1933, as applied to the facts in this case, the salary was restored to $125 per month as is contended by petitioner. The respondents seem to have recognized this rule, and by a resolution adopted in 1938 sought to amend, or perfect, the Minutes of the Court, making them read as they should have read in September, 1933.

██ This State is thoroughly committed to the doctrine that a Commissioners' Court may amend its Minutes nunc pro tunc; but, in order that it may be so, there must be matter of record authorizing the amendment. Commissioners' Court v. Hearne, 59 Ala. 371; Mitchell v. Commissioners' Court of Coosa County, 116 Ala. 650, 652, 22 So. 993; Marengo County v. Barley, 209 Ala. 663, 96 So. 753.

██ There appears to be no record of the Commissioners' Court at the time of the alleged adoption of the resolution extending the reduction of pay, such as would warrant or justify an amendment nunc pro tunc, so as to bind the petitioner in this case.

██ It is the settled policy of this State as declared in Harris v. Thompson, Ala. App., 191 So. 403,[1] and Harris v. Town of East Brewton, Ala.Sup., 191 So. 216,[2] that municipal corporations, acting by their duly constituted legislative bodies, may amend their minutes so as to make them speak the truth, but such amendments must be based upon some written data; and, even when so amended, it must be done promptly and does not affect the rights of an intervening third party. 43 C.J. 517 (795)6; Woods v. Eilers, 7 Ky.Law Rep. 824, 13 Ky.Op. 1124. Both of the foregoing opinions, and in fact all of the decisions which we have found, recognize the power of municipal legislative bodies to amend their Minutes so as to make them speak the truth; but they, also, recognize the rule to amend these Minutes nunc pro tunc there must be sufficient data of record upon which to base the amendment.

██ In the instant case the respondents sought by parol to prove the adoption of a resolution in September, 1933, extending the reduction of the salaries of officers and employees in Jefferson County. This of course cannot be done. The Court of Commissioners of Jefferson County speaks only through its records and, as appears in the instant case, we have an ordinance fixing the salary first at $1500 per year, next reducing the amount for a limited period of three months to $112.50 per month, and no written data in the records attempting to continue the reduction of salaries beyond September, 1933, except a resolution adopted in May, 1938, long after the rights of petitioner's testator had accrued. This resolution adopted nearly five years after September, 1933, although now a part of

---

[1] Ante, p. 38.

[2] 238 Ala. 402.

the Minutes of the Commissioners' Court of Jefferson County, can have no bearing on this case.

It follows, from what has gone before in this opinion, that the trial court was in error in denying to petitioner the relief sought, and for the reasons given in the opinion the judgment is reversed and the cause is remanded, restoring the cause to the docket of the Circuit Court that an order, or decree, may be entered in conformity with the opinion here rendered.

Reversed and remanded.

### After Remandment.

PER CURIAM.

Under authority of the original opinion in this cause, as revised by the opinion of the Supreme Court, it is the judgment of this court that the appellant (petitioner in the court below is entitled to recover, at the rate of $12.50 per month from September 30, 1933, to November, 1935, the total sum of $312.50. It is accordingly ordered that writ be issued directing appellee (respondent in the court below) to cause a warrant, drawn on the County Treasurer of Jefferson County, Alabama, to be issued in favor of appellant for said total sum.

The cause is reversed and remanded for the purpose here indicated.

Reversed and remanded.