197 So. 358

### JEFFERS v. WHARTON et al.

### 6 Div. 631.

Supreme Court of Alabama.

March 28, 1940.

Rehearing Denied June 20, 1940.

Mullins & Deramus, of Birmingham, for petitioners.

22

John C. Morrow, of Birmingham, opposed.

THOMAS, Justice.

We are in accord with the opinion of Judge Sanford, Ala.App., 197 So. 352,[1] on the question of the right of the county to amend its records nunc pro tunc, as affecting plaintiff's claim, as we shall indicate.

The established rule that should be here applied is that the acceptance of less compensation than that established by law for an official service does not estop that official from subsequently recovering the just and due legal compensation. Any other rule would be void on the ground of public policy. In support of this rule the Justice writing the opinion cites: "Stewart v. Sample, 168 Ala. 270, 53 So. 182, 46 C.J. 1027."

The Court of Appeals further said: "In the instant case the Legislature, by due enactment, created the office, provided for the appointment of a person to fill the office, and how he should qualify, and then placed the duty upon the Commissioners of Jefferson County to fix the salary not to exceed a certain limit. When the plaintiff's testator, after receiving the appointment and qualifying according to law, entered upon its duties he became entitled to the emoluments of the office as fixed by the Board of Commissioners, and subject to resolutions duly and legally passed and recorded upon the Minutes of the Court. Farwell v. City of Rockland, 62 Me. 296; Ex parte Jefferson County v. O'Gara, 239 Ala. 3, 195 So. 277."

[1] 29 Ala.App. 428.

As to this part of the claim for salary the Court of Appeals said: "The respondents claim that by resolution adopted by the Board of Commission of Jefferson County, the reduced salary of $112.50 was continued indefinitely, and that petitioner's testator recognized this by accepting payment in accordance with the rules made by the Civil Service System.

"This subsequent resolution of September, 1933, however, was never reduced to writing, or at any rate was never spread upon the Minutes of the Board of Commissioners of Jefferson County as is required by law. The Board of Commissioners, or Court of County Commissioners, speaks only through its record. 15 C.J. 466 (118) 6. There being no record of the resolution extending the reduction beyond September, 1933, we must hold that after September, 1933, as applied to the facts in this case, the salary was restored to $125 per month as is contended by petitioner. The respondents seem to have recognized this rule, and by a resolution adopted in 1938 sought to amend, or perfect, the Minutes of the Court, making them read as they should have read in September, 1933."

It is further stated in the opinion:·

"By an Act of the Legislature of Alabama in 1935, approved August 28, 1935, Gen.Acts 1935, p. 691, a county wide Civil Service System was established for Jefferson County, which system included the Clerk of the Inferior Court of Ensley, and under the provisions of said Civil Service Law, petitioner's testator acquired permanent Civil Service status as Clerk of said court, and from November 27, 1935, through May 31, 1937, continued under said Civil Service law to be the legally appointed and legally qualified Clerk of said court and during said period discharged the duties of said office.

"On June 23, 1933, the County Commission of Jefferson County adopted a resolution, as shown by the Minutes of the Court, reducing the salary or salaries of all employees including that of plaintiff's testator, in the amount of ten per cent, and limiting said reduction to the months of July, August and September, 1933. The plaintiff's testator continued to draw his salary at the reduced amount of to-wit: $112.50 per month, during the remainder of his service through May 31, 1937, filing each month with the Commission a claim for said amount properly sworn to.

"There appears nowhere in the Minutes of the Court of County Commissioners any resolution extending the reduction of plaintiff's testator's salary beyond the above named dates. It is admitted that plaintiff's testator continued to file his claim for salary of $112.50 and had never received the additional $12.50 per month to which it is claimed he is entitled.

"It is claimed by the respondents that on September 12, 1933, the County Commission of Jefferson County, in regular session, passed a resolution that the salaries of each and every employee of Jefferson County whose salary was subject to the control or regulation of the Commission be continued to be reduced by a sum equivalent to ten per cent of the amount of salary paid to such employee prior to July, 1933, said reduction to continue in force and effect until such time as the Commission determined that the financial condition of the County justified the elimination of said reduction. It is admitted that this resolution was not made a part of the Minutes of the Commission, and it is claimed and admitted by petitioner that each month petitioner's testator filed a claim for $112.50 as his salary as Clerk of the Court, and received payment of the same."

■ The Court of Appeals correctly observes of the rule that obtains as to amendments by counties of their records nunc pro tunc as follows: "This State is thoroughly committed to the doctrine that a Commissioners' Court may amend its Minutes nunc pro tunc; but, in order that it may be so, there must be matter of record authorizing the amendment. Commissioners' Court v. Hearne, 59 Ala. 371; Mitchell v. Commissioners' Court of Coosa County, 116 Ala. 650, 652, 22 So. 993; Marengo County v. Barley, 209 Ala. 663, 96 So. 753."

As to that part of the claim for services covered by the Civil Service Act, the Court of Appeals states, "There appears to be no record of the Commissioners' Court at the time of the alleged adoption of the resolution extending the reduction of pay, such as would warrant or justify an amendment nunc pro tunc, so as to bind the petitioner in this case."

The plaintiff was not entitled to that part of salary claimed while under the Civil Service Act. As to this it may be observed the clerk of the Inferior Court of Ensley certified to the Personnel Director of the Civil Service Board that his salary was at the rate of $112.50 per month, and that his former salary was at the rate of $125 per month. Beginning with the effective date of the Civil Service Act, the payroll each month was certified by the Director of Personnel as required by the Civil Service Act, General Acts of 1935, pp. 691, 709, § 29. The above provision of the Civil Service Law makes it unlawful for the fiscal officer of the county to draw, sign, issue or authorize the drawing, signing or issuing of any warrant on the treasurer for payment of any payroll unless certified by the Director of Personnel. This particular provision of the Civil Service Act also makes it unlawful for the treasurer or disbursing officer to pay any salary or compensation unless the payroll or estimate be certified by the Director of Personnel. This particular section of the act also provides that any sum paid contrary to these provisions may be recovered from anyone making such payment in violation of the rules and regulations prescribed thereunder. The succeeding section of the act, Section 30, also provides that any person willfully violating any of the provisions of the act shall be guilty of a misdemeanor. It affirmatively appears that the amounts so paid to the clerk of the inferior court were disbursed in strict accordance with the provisions of the Civil Service Act.

It follows that we are in accord with the holding of the Court of Appeals as to plaintiff's right of recovery for salary from September 30, 1933, to the date when the Civil Service Act became effective.

Petition for certiorari, therefore, is granted.

Writ granted.

All the Justices concur.

