# Town of Tallassee, *et al.* v. Toombs, *et al.*

*Bill to Enjoin Operating Dispensary.*

(Decided July 3, 1908.　47 South. 308.)

*Statutes; Local Laws; Repeal.*—Local Acts 1907, p. 324, does not repeal the Acts of 1851-2, p. 262, prohibiting the sale of liquor within four miles of factories.　(McClellan, J., dissenting.)

APPEAL from Elmore Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by O. C. Toombs, and others, as citizens and taxpayers of the town of Tallassee to enjoin said town and its municipal board from operating a dispensary.　From a decree for complainants, respondents appeal.　Affirmed.

JOHN V. SMITH, and W. A. JORDAN, for appellant. Counsel discuss the constitutionality of the act with citation of authority, but in view of the opinion, it is unnecessary to digest the brief.　Counsel insist that while the act clearly repeals both expressly and by implication the Local Act of 1852, yet, even if this is not true, the act authorizing the municipality to engage in the sale of intoxicating liquors in precinct 3, has a field of operation, even though the Local Act of 1852 be not repealed.

—*Shepherd v. Dowling*, 127 Ala. 12; 28 A. & E. Ency. of Law, 726; *Parker v. Hubbard*, 64 Ala. 203; *Riggs v. Brewer*, 64 Ala. 282; *Montgomery v. Nat'l. B. & L. Assn.*, 108 Ala. 345.

CHILTON & McKENZIE, for appellee. Counsel discuss the authority of complainants to file the bill and also discuss the unconstitutionality of the act, with numerous citations of authority as to both propositions. They insist that the law authorizing the dispensary does not repeal the laws of 1852, and that so long as that law stands the sale of liquor is prohibited in any event within four miles of the factory.—*Miller v. Jones*, 80 Ala. 89; *Town of Marion v. Chandler*, 6 Ala. 89; *Ex parte Burnett*, 30 Ala. 461; 61 Mich. 285.

ANDERSON, J.—Section 106 of the Constitution of 1901 is as follows: "No special, private or local law shall be passed on any subject not enumerated in section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, or if there is no newspaper published therein, then by posting the said notice for four consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof by affidavit that said notice has been given shall be exhibited to each house of the Legislature, and said proof spread upon the journal. The courts shall pronounce void every special, private or local law which the journals do not affirmatively show was passed in accordance with the

11 R

provisions of this section." Section 107 says: "The Legislature shall not, by a special, private or local law, repeal or modify any special, private or local law except upon notice being given and shown as provided in the last preceding section."

It will be observed, from the last-quoted section, that notice must not only be given of the substance of the intended law, but of the local law also, which it is intended to repeal or modify. It is not sufficient to give notice of the intention to repeal or modify all laws in conflict; but notice must be given of the substance of the laws intended to be repealed or modified by the new law. The notice in question had no reference to the existing prohibition law (Acts 1851-52, p. 262), but merely recites that all laws in conflict with the proposed law would be repealed. This in no sense gave such notice of the substance of the existing act as is required by section 106, and which said notice is made applicable to the repeal or modification of laws by the very terms of section 107. It may be that the law does not require separate and distinct notices of the substances of the bill to be enacted and of the laws to be thereby repealed or modified; but it is just as necessary to give notice of the substance of the laws repealed or modified as of those to be enacted. Certainly notice of the substance of the proposed law as required by the terms of section 106, and section 107 can have no application to laws to be enacted, but must apply to notice of the substance of laws to be repealed or modified, else it would be meaningless and deserving of no place in the Constitution, and we cannot say that the framers of our organic law inserted said section 107 for a vain and useless reason. Of course, where the sole purpose of a law is to repeal or modify an existing law, notice of the substance of the proposed law would naturally be notice of the substance of the law sought to be

repealed or modified; but when a bill goes beyond the mere repeal or modification of a law, and provides for certain things, although in conflict with existing local laws, notice of the substance of the proposed law, with the further recital, "and to repeal all laws in conflict with same," is insufficient, for failing to contain the substance of the laws to be repealed or modified. The notice in question gives the substance of the law establishing the dispensary, but fails to give the substance of the act of 1852, and which was necessary in order to repeal same.

We are aware of the rule that the act should not be deemed unconstitutional, unless to do so is essential to a decision of the case, notwithstanding it may be unconstitutional; also that, where there is a field of operation for two laws, the latter should not be deemed a repeal of the former by mere implication, but force and effect should be giving to both to the extent of an operation of both without a conflict.—*City of Montgomery v. National B. & L. Association,* 108 Ala. 336, 18 South. 816. It may be that beat 3 contains territory other than what is within four miles of the factory and covered by the act of 1852, and that there is a field of operation for both laws—prohibition within four miles of said factory and dispensaries under the act of 1907 in all towns located in said beat and over four miles distant from said factory. The bill, however, is silent as to the size of said beat 3, and unless it contains territory more than four miles distant from the factory there can be no field of operation for both laws. The bill does not proceed upon the idea that there is a field of operation for both laws, but the complainant rests his attack upon the new law upon the sole theory of its failure to repeal the act of 1852, owing to the insufficiency of the notice as required by section 107 of the Constitution, thus assuming

that there is a conflict and no field of operation for both of said laws. We should not, therefore, go outside of the record, and assume a state of facts contrary to those in effect conceded by the complainant, in order to give equity to his bill upon grounds different from those under which he frames his said bill, and utterly inconsistent with the position maintained by him in same. The writer, therefore, rests his conclusion upon the failure of the act of 1907 to repeal the prohibition law of 1852, because the notice given did not comply with the requirements of section 107 of the Constitution, and not upon the idea that both laws should stand.

The act of 1852 being still in force and effect, the dispensary complained of, being within the prohibited district, is being operated contrary to law; and the complainant, being a citizen and taxpayer of the town, has the right to enjoin its officers and servants from engaging it in an unlawful and unauthorized business enterprise.

The decree of the chancery court is affirmed.

DOWDELL and DENSON, JJ., concur in the opinion. TYSON, C. J., and SIMPSON, J., concur in the conclusion. McCLELLAN, J., dissents.

SIMPSON, J.—I am not able to agree with my Brothers, Justices ANDERSON, DOWDELL, and DENSON, as to the construction of sections 106 and 107 of our Constitution of 1907. Section 107 provides that "the Legislature shall not, by special, private or local law, repeal or modify any special, private or local law, except upon notice being given and shown, as provided in the last preceding section." Said last preceding section provides simply that the notice required "shall state the substance of the proposed law." It is difficult to understand how this court can read into section 107, in addition to the re-

[Town of Tallassee, et al. v. Toombs, et al.]

quirement to state in the notice the substance of "the proposed law," also a requirement to state the substance of the law to be repealed. Even if it were admitted that section 107 is useless under this interpretation, that would not authorize the court to insert in it some new provision to make it useful. This section doubtless was inserted out of abundant caution, lest it might be supposed that section 106 applied only to original acts, and especially that a law repealing a local law might not be covered by it. Moreover, the reason for requiring the new law to be preceded by a notice giving its substance is that the people may be advised of its contents, whereas they are presumed to know the substance of laws already on the statute books and in operation.

The opinion states that, "where the sole purpose of a law is to repeal or modify an existing law, notice of the substance of the proposed law would naturally be notice of the substance of the law sought to be repealed or modified." If the wording of section 107 means that the substance of the old law should be stated in the notice, I cannot see how we could dispense with it in any case. When the notice sets out the substance of a dispensary law, I do not think that any one could fail to understand that it is inconsistent with a prohibition law in the same territory, as fully as if stated that the act was to repeal the prohibition law only. Although section 45 of our Constitution of 1901 provides that "so much thereof [that is, of the law to be revived, etc.] as is revived, amended, extended, or conferred shall be re-enacted and published at length," this court holds that it is only necessary to set out the act as amended, and not the act as it stood before.—*Wilkinson v. Ketler*, 59 Ala. 306; *Montgomery v. State ex rel.*, 107 Ala. 372, 384, 18 South. 157; *Lewis v. State*, 123 Ala. 84, 86, 26 South. 516.

But I agree that the decree of the chancery court is property affirmed, because the principle is clearly recognized by our courts that, "where the intention of the Legislature is not apparent to that purpose, the general words of another and later statute shall not repeal the particular provisions of a former one," and that, "when the law descends to particulars, such more special provisions must be understood as exceptions to any general rules laid down to the contrary, and the general rules must not be alleged in confutation of the special provisions."—*City Council of Montgomery v. National Building & Loan Association,* 108 Ala. 337-343, 18 South. 816. Acts 1851-1852, pp. 262, 264, provided specially that spirituous liquors should not be sold within four miles of "certain factories," while loc. Acts 1907, p. 324, merely authorized all towns and cities that are now or may hereafter be incorporated in the territory now known and described as precinct No. 3 in Elmore county to buy and sell spirituous liquors by a dispensary. Under the authorities cited I hold that said general act was subject to the exception made by the special act, which was not repealed by its general provisions, and that unless some place could be found in said beat 3, outside of the four-mile limit fixed by the special act, no town therein organized could sell spirituous liquors. The averments of the bill afford an inference that there is some territory within precinct No. 3 not within the four-mile limit, so that there is a field of operation for both acts.

The CHIEF JUSTICE agrees with the conclusion that the special act is not repealed by the general act, because there is a field of operation for both acts, but thinks it not necessary to decide the constitutional question.