140 So. 370

**FUNDERBURK, Deputy Sheriff, v. OLIVER, Probate Judge.**

5 Div. 108.

Supreme Court of Alabama.

March 10, 1932.

Richard H. Cocke, of Alexander City, for appellant.

J. Samford Mullins, of Alexander City, for appellee.

GARDNER, J.

Petitioner (appellant here) was a deputy sheriff at Alexander City under appointment by the sheriff of Tallapoosa county, in January, 1931, when by local act the salary was fixed at $125 per month. Local Acts 1927, p. 372. By an act approved July 17, 1931 (Local Acts 1931, p. 225), the Legislature provided for the appointment of deputy sheriffs at Dadeville, Alexander City, and East Tallassee, in Tallapoosa county, and fixed the compensation at $100 per month. Notice by publication was duly given for the time required under section 106 of the Constitution, the act as passed being set out in full in the publication, and passed as so published.

But petitioner makes the point that, as this act modified the previous Local Law of 1927 by decreasing the salary from $125 to $100 per month, the notice should also have given the substance of the local act so modified, and, failing so to do, it contravenes section 107 of the Constitution. The point is not well taken. As pointed out in Miller, Treasurer v. Griffith, 171 Ala. 337, 54 So. 650, what was said in Town of Tallassee v. Toombs, 157 Ala. 160, 47 So. 308 (the authority upon which petitioner here relies) upon this question was not expressive of the majority view, and did not meet the approval of the court when the same was subsequently presented in the Miller Case, supra. This latter authority, containing a full discussion of the question, is decisive of the point adversely to petitioner.

It is alleged in the petition, and not denied in the answer, that the sheriff appointed petitioner as deputy for a period of four years, and the insistence is further made that the act contravenes section 281 of the Constitution in that it decreases his salary as a county officer during the term of his appointment. But petitioner's tenure of office is dependent entirely upon a contractual agreement with the sheriff. It is not fixed by law. This point is fatal to his contention as disclosed by the authorities construing this provision of our Constitution. State v. Sanders, 187 Ala. 79, 65 So. 378, L. R. A. 1915A, 295. See, also, Carnley v. Moore, 218 Ala. 274, 118 So. 409; State ex rel. Glenn v. Wilkinson, 220 Ala. 172, 124 So. 211.

Upon due consideration we are of the opinion the petitioner's constitutional objections to the local act of 1931 are without merit, and that the court below correctly ruled. The judgment will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.