153 So. 725

**HARD, State Comptroller, v. STATE ex rel. OWEN.**

3 Div. 87.

Supreme Court of Alabama.
March 15, 1934.

John H. Peach, of Sheffield, for appellant.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, for appellee.

BROWN, Justice.

This appeal is by the "State Comptroller" from a judgment of the circuit court of Montgomery county awarding a peremptory writ of mandamus, on the petition of the "Director" elected March 1, 1931, by the "Board of Trustees" of the department of archives and history, commanding the appellant to draw a warrant on the state treasury for the balance alleged to be due the "Director" as salary for the month of December, 1932, and for the month of January and the intervening months up to and including August, 1933.

The salary of the director was paid for the month of December, 1932, and January, up to and including April 1933, as fixed by the act entitled "An Act Relating to the salary or compensation of officers or employees of the State, or of any department thereof whose compensation is paid out of the State Treasury," approved November 5, 1932. General Acts, Extra Session 1932, pp. 300–302.

The salary was paid for the other months, up to and including August, 1933, as fixed by the act entitled "An Act To fix, limit, or regulate the salaries and compensation of certain officers and employees of the State or any department thereof; to provide how the same shall be payable; and to provide for the repeal of all laws or parts of laws in conflict.

242

with the provisions of this Act; and to provide when the provisions of this Act shall become effective," approved April 14, 1933. General Acts Extra Session 1933, pp. 124–130.

The major contention of the appellee is that the position of "Director" is a civil office of profit under this state, with a term and salary fixed by law, and that the salary is within the influence and protection of section 281 of the Constitution, which provides that "the salary, fees, or compensation of any officer holding any civil office of profit *under this state* or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed." Constitution 1901, § 281. (Italics supplied.)

The contention of the appellant, on the other hand, is that the office of "Director" is not within the influence of said section of the Constitution; that the self-perpetuating board of trustees of the department of archives and history is a governmental agency, and the director is a mere employee of the board and its executive agent.

The appellant rests his refusal to issue the warrant for the amount fixed by section 1411 of the Code of 1923 on the provisions of the Acts of the Legislature above referred to.

Section 2 of the act first referred to, so far as here pertinent, provides: "This Act shall take effect on the last day of the month in which it is passed, *except as to those officers whose salaries, or compensation, cannot, under the Constitution, be diminished during the term for which they were elected or appointed.* As to these officers, this Act shall become effective on the expiration of their present terms, and the salaries of their successors shall be the same as provided in Section 1 of this Act," etc. General Acts Extra Session 1932, p. 301. (Italics supplied.)

Section 5 of the last-mentioned act provides: "As to all salaries herein provided for officers or employees not elected or appointed *for any term of office* and which salaries are subject to reduction now under this Act shall become effective on and after the first day of the month succeeding the approval of this Act; and as to all other salaries herein, this Act shall take effect on the first day of the month next *succeeding the ratification of any Constitutional Amendment removing or suspending* Constitutional restriction or limitations upon decreasing or diminishing the salary, fees or compensation of any officer, officers or employees during the term for which they shall have been elected or appointed." General Acts Extra Session 1933, pp. 129, 130. (Italics supplied.)

■ It seems to be well settled that one who performs a public function, and his authority is derived directly from the state by legislative enactment, and the law prescribes his duties, powers, and authority, such an one is a public officer of the state. State ex rel. Robertson v. McGough, 118 Ala. 159, 164, 24 So. 395; State ex rel. Winter v. Sayre, 118 Ala. 1, 31, 24 So. 89; Montgomery v. State ex rel. Enslen, 107 Ala. 372, 18 So. 157; Lacey v. State, 13 Ala. App. 212, 68 So. 706; Mechem on Public Officers, §§ 1 and 2; Public Officers by Tharp, § 3.

"An office is a public station, or employment, conferred by the appointment of government. The term embraces the ideas of tenure, duration, emolument, and duties. * * * A government office is different from a government contract. The latter from its nature is necessarily limited in its duration and specific in its objects. The terms agreed upon define the rights and obligations of both parties, and neither may depart from them without the assent of the other." United States v. Hartwell, 6 Wall. (73 U. S.) 385, 393, 18 L. Ed. 830.

The term of service of a government employee is either fixed by contract or he serves at the will of the functionary who gives him employment, while as a general rule the term and compensation of a public officer are fixed by law.

■ While the director is elected by the board of trustees of the department of archives and history, the statute fixes his term "of office" at six years "and until his successor is elected and qualified" (Code 1923, § 1403), and requires him to "take an oath of office *as other public officials;*" provides his duties, authority, and power (Code 1923, §§ 1403, 1404, 1405, 1406, 1407, 1409, 1414, 1416), and the salary is fixed by law (Code of 1923, § 1411). (Italics supplied.)

These are all the elements of a "civil office of profit under this State," and the office is within the influence of section 281 of the Constitution 1901, and the Legislature was without authority to reduce the same during the term for which appellee was elected. Our judgment, therefore, is that the acts heretofore referred to were not applicable to the salary here involved, for the months designated and named in the petition.

The mandate of the Constitution adopted by the people of Alabama is the charter of the state and the law of the land. Some of these elements—a term and salary fixed by statute —were absent in the case dealt with in State

v. Sanders, 187 Ala. 79, 65 So. 378, L. R. A. 1915A, 295.

The validity of the "Sparks Amendment" is not here involved, and has not been considered.

The rulings of the circuit court were in agreement with these views, and the judgment of that court is due to be affirmed. It is so ordered by the court.

Affirmed.

All the Justices concur.