193 So. 169

### YIELDING et al. v. McCOMBS.

#### 6 Div. 473.

Supreme Court of Alabama.

Jan. 11, 1940.

Smyer, Smyer & Bainbridge, of Birmingham, for appellants.

Irvine C. Porter, of Birmingham, amicus curiæ.

---

[1] Ante, p. 67.

636

Chas. W. Greer, of Birmingham, for appellee.

GARDNER, Justice.

At the time of the passage of the Jefferson County Civil Service Act, approved August 28, 1935 (General Acts 1935, page 691), Charles E. McCombs was serving in the capacity of chief deputy sheriff of said county under appointment of Sheriff McDuff, having been so appointed January 15, 1935. Sheriff Smith succeeded McDuff, and duly qualified as sheriff of the county January 15, 1939, and thereafter removed McCombs from his position of chief deputy for a cause not involving moral turpitude.

McCombs attempted to exercise what he considered the option given him by the Civil Service Act, and requested that he be permitted to return to the position of deputy sheriff, but both the sheriff and the Civil Service Board denied the request, and the ruling was his removal had worked a complete separation from the county's service.

The learned judge, in reviewing this ruling, held otherwise, and we think correctly so. The question is purely one of legislative intent in the construction of the Jefferson County Civil Service Act.

In section 2 of the Act is the following, among other provisions: "Provided further, that this Act shall in no event be construed to apply to a person engaged in the profession of teaching or in supervising teaching in the public schools nor to officials elected by vote of the people nor to the Judge of any Court, nor to the County Attorney, nor the Chief of the Fire Department or the Chief of Police of any city nor to the Chief Deputy Sheriff of any county nor to the Personnel Director nor to common laborers engaged exclusively in unskilled labor. It is provided further, that where there are two County sites or County Court House sites maintained in one county and a county officer or officers are required to maintain an office in one Court House and a branch or subsidiary office in the other of said Court Houses, the Chief Deputies of all elective officers in charge of such branch office shall be exempt from the provisions of this Act. It is hereby provided that in the event a Chief of Police, Chief of Fire Department of any city that may come under this Act or Chief Deputy Sheriff of any county that may come under this Act, who is in office when this Act goes into effect or who shall later be promoted from lower grades or classifications, in the Police, Fire, or Sheriff's Department of such city or county, to one of such offices, and shall thereafter be removed, for any cause except a cause involving moral turpitude, from such office, such removed officer shall have the option to return to the grade, classification or position in such department which he occupied before being appointed to such office of Chief of Police, Chief of Fire Department, or Chief Deputy Sheriff."

Particular stress is laid upon that part of the above language having reference especially to a chief deputy sheriff, who was in office when the Civil Service Act went into effect.

The Civil Service Act was of local application, and it may reasonably be assumed the local representatives knew by whom that particular position was held at the time this Act was passed, and the language must reasonably be held to have had reference to McCombs. At least it appears upon its face as intended to furnish some safeguard to the person then occupying such position.

But it is insisted McCombs had no position to which he might return, and therefore is without the influence of these provisions.

Differing from the State at large (section 10188, Code of 1923; Evans v. Long, 227 Ala. 335, 149 So. 837), it appears there was never in fact any separate office of chief deputy sheriff established for Jefferson County. General Acts 1923, page 93; General Acts 1915, page 549; Henry v. State, 205 Ala. 196, 87 So. 816. The sheriff merely gave him such a designation as chief deputy, and it was so recognized in the Civil Service Act. But before such appointment or designation, he was a deputy sheriff.

On January 15, 1935, McCombs executed a bond, took the oath of office and received a commission as deputy sheriff. At the end of that day's service he was told by the sheriff he would be made chief deputy. True, this was in accordance with a previous assurance made orally before the sheriff himself assumed his office. Such an assurance could of course have been disregarded as it was without binding effect. But before being designated as chief deputy, McCombs was appointed and qualified as a deputy sheriff, and served in that capacity the first day. He did therefore first occupy the position of deputy sheriff.

The time element cannot be here controlling. Is it to be said that service of a month rather than a day would make a difference? We see no justification for such a view. Therefore we think McCombs did have a position of deputy sheriff, to which he may return, and that the Act plainly gives him this right.

Defendants argue upon the matter of his status or classification. This is beyond the scope of the present ruling. Perhaps his examination would be in order under section 16 of the Act, and his classification fixed by the board. Upon this we need make no decision.

What we do decide is that he had a position of deputy sheriff to which he could return, and that the Act plainly gives him this right.

Some of the argument for defendants overlooks the fact that McCombs was chief deputy when the Act was passed, and to whom the legislative mind was directed. It is that feature of the Act we are here considering, and we are not concerned with a status arising after the approval of the Civil Service Act.

Appellants lay stress upon the words "grade or classification," but overlook the fact that the Act adds in the disjunctive the word "position," and it is this word, in connection with the provision as to the chief deputy then in office that is here of controlling influence. We have expressed our view that McCombs did have the position of deputy sheriff, and though he served in that limited capacity only one day it sufficed to give him the status named in the Act. As said in Henry v. State, supra [205 Ala. 196, 87 So. 817], "The court has no authority to gainsay the statute in any, the least, of its provisions."

In brief filed by counsel for the present sheriff, the argument is advanced that McCombs was an unsuccessful aspirant in the recent contest for that office, and that in substance his retention may prove distasteful to the sheriff.

Of course, one of the motivating reasons for the passage of this local Civil Service Act was to remove, as much as possible, political consideration or matters of favoritism concerning employment of county employees.

But this aside, these suggestions cannot here be weighed as against the letter of the statute and against what was considered the inescapable conclusion, that McCombs comes within its terms. But we think further discussion unnecessary.

Our conclusion is the trial court correctly ruled, and the decree is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.