3 So.2d 435
**MOBILE COUNTY et al. v. STATE ex rel. FARMER.**
**I Div. 401.**

Court of Appeals of Alabama.
July 15, 1941.

V. R. Jansen, of Mobile, for appellants.

Wm. V. McDermott, of Mobile, for appellee.

RICE, Judge.

The appellee, State of Alabama, on relation of Kathryne Farmer, filed her petition in the Circuit Court of Mobile County, Alabama, for the extraordinary writ of mandamus against Mobile County and its governing body, alleging that she has continuously performed the duties of Chief Clerk in the office of William H. Holcombe, Sheriff of Mobile County, from January 19, 1939 (the beginning of the Sheriff's term) to the date of the filing of the peti-

tion; that on the 15th day of November, 1940, by virtue of the prior adoption of an amendment to the Constitution, Act No. 432, Gen.Acts Ala.1939, pp. 580–582, a legislative act, Act No. 594, Local Acts Ala.1939, pp. 355, 356, became effective, providing for the payment of salaries of the Sheriff's employees out of the general fund of Mobile County.

The petition further alleged that a Merit System or Civil Service Law had previously been adopted by the Legislature (Act No. 470, Local Acts Ala.1939, pp. 298–318) which placed all Mobile County employees under Civil Service and gave to the Personnel Board the authority to classify, and adopt pay plans for, all employees of Mobile County; that petitioner was classified as a Chief Clerk on January 17, 1941, and her salary was fixed by the pay plan at a minimum of $200 per month.

Petitioner further alleged that following such classification the appointing authority, Sheriff Holcombe, submitted pay rolls carrying petitioner as Chief Clerk in his office at the rate of $200 per month, which pay roll was approved for payment by the Director of Personnel for Mobile County, but the County governing body has refused to issue a warrant for her salary at that rate.

The governing body of Mobile County appeared, waiving the issuance of the alternative writ, and demurred to the petition.

The Circuit Court of Mobile County overruled the demurrers and the defendants answered.

The petitioner demurred to the answer, and the court sustained the demurrers. The appellants here (defendants below) declined to plead further, and the court granted the prayer of the petition and ordered the issuance of the writ.

This appeal is taken from that judgment.

The solution of the question posed for us depends upon the proper construction and interpretation of the three Acts of the Legislature of Alabama (and the subsequent adoption of the Constitutional Amendment proposed by one of same) hereinabove mentioned.

We find ourselves unable to adopt, in toto, either the views of appellant's able counsel, as they are specified in his brief filed here, or those set forth by appellee's equally able counsel in *his* brief. So we will undertake to outline our *own* views.

■ We entertain no doubt that when the Mobile County Civil Service Act (Local Acts Ala.1939, p. 298) went into effect 90 days after its adoption on September 15, 1939, it blanketed into and under its provisions the employees of Sheriff Holcombe as they then, or thereafter, existed—that is, all of them except possibly the Chief Deputy Sheriff, not here involved. See Title to said Civil Service Act, as well as definition of "Classified Service" in Section 1 thereof. Also Heck, State Comptroller v. Hall et al., 238 Ala. 274, 283, 190 So. 280.

.[2] And that if the Personnel Department therein and thereby created had seen fit to do so, it might, at that time, have imposed the conditions of said Civil Service Act upon said employees. But it did not do so. And hence the status, with reference to said Civil Service Act, of the said employees of Sheriff Holcombe prior to November 15, 1940—the date of the going into effect of the "Enabling Act", as it is called, approved on June 28, 1940, Local Acts Ala.1939, p. 355, supra, becomes "moot".

But how was it when said "Enabling Act" went into effect on November 15, 1940?

■ First, we should observe that the Civil Service Act, hereinabove described, and the "Enabling Act", also identified, were passed at the same session of the Legislature, and should be construed "in pari materia"; their provisions are presumed not to conflict, and a field of operation should be given each, if consistent with clear intent. Tucker v. McLendon et al., 210 Ala. 562, 98 So. 797.

■ We observe, further, that the "Enabling Act" being passed at a later date than the "Civil Service Act" will be considered as an amendatory (of the Civil Service Act) expression of the Legislative Mind. However, it is not to be overlooked that the "Enabling Act" carries no "repealing clause"—if indeed it is inconsistent with any provision of the Civil Service Act.

■ When the "Enabling Act" went into effect on November 15, 1940, which could only be upon the adoption of the Constitutional Amendment hereinabove referred to, the employees above described of Sheriff Holcombe—paid by him out of the fees he collected—went out of existence.

This for the very good reason that "all charges, fees, compensation and allowances * * * authorized to be collected" by said Sheriff were required therein and thereby to be paid "into the County Treasury of Mobile County."

But the "Enabling Act" was for the very purpose of not leaving the said Sheriff with duties to perform and no employees with which to perform them. It provided, specifically, for "deputies, clerks, guards, and other assistants for such officer," and provided "the salaries and manner of payment of such salaries for such deputies, clerks, guards and other assistants."

And said "Enabling Act", for aught that we can find, was validly enacted, and is to control, where it purports to control, and be obeyed.

Petitioner (appellee) is not provided for —at $200 per month—in said Act; and hence cannot prevail in this proceeding. If, indeed, petitioner, though long styled, and now styled, "Chief Clerk" chooses, with Sheriff Holcombe's approval, to—while not relinquishing her title of "Chief Clerk"—be classified as "One (1) office employee [which undoubtedly she is, and would be] to receive Eighteen Hundred ($1,800.00) Dollars per annum", then we find specific provision for her payment in said "Enabling Act".

We do not think the specific provisions of the "Enabling Act" may be enlarged upon, as to the salaries therein specified, or in any other way, by the Personnel Department created by and under the Civil Service Act. See Sec. XI of the Civil Service Act.

But—the provisions of said "Enabling Act" being complied with—if it should be found, in the way provided in the Civil Service Act (likewise in force and applicable), that "there be an insufficient number of employees" (to discharge adequately the duties devolving on the Sheriff of Mobile County) we find no repugnancy to any thing in said "Enabling Act" in the Personnel Department created by the Civil Service Act providing or authorizing, through its proper agency, additional employees, at salaries fixed by said Personnel Department, likewise through its proper agency, to fill the needed additional places as employees of said Sheriff. See Section 10 of the Civil Service Act, Local Acts 1939, p. 298(306), supra.

In other words, here, if it were, or could be, alleged, and shown that the provisions of the "Enabling Act" had been in all respects met, but that petitioner, in the way prescribed in the "Civil Service Act" had been selected as an "additional employee,"—let her title be "Chief Clerk," or whatever—under and in accordance with Section 10 thereof, at a salary of $200 per month, she would be entitled to the writ prayed for. Or, more regularly, we are persuaded warrant for her said salary would be drawn by appellants without quibble.

But as the matter appears, it is our opinion, and we hold, the judgment of the circuit court should be reversed. It is so ordered.

And the facts involved in this proceeding appearing to be agreed upon and all before us, the petition for mandamus is denied.

Reversed. Writ denied.