8 So.2d 210

**STONE, County Treasurer, v. STATE ex rel. O'CONNOR.**

**I Div. 418.**

Court of Appeals of Alabama.

May 12, 1942.

Gordan & Gordan, of Mobile, for appellant.

Harry Seale, of Mobile, for appellee.

Albert J. Tully, of Mobile, for Personnel Board of Mobile County, amicus curiae.

SIMPSON, Judge.

The Granade Act—a local act dealing with certain county offices of Mobile County, passed in 1932—provided that: "The Clerk of the Circuit Court * * * may employ as assistants: One clerk to serve as clerk of the Criminal Division of the Circuit at an annual salary of Thirty-six Hundred Dollars; one clerk to serve on the Civil Division of the Circuit Court at an annual salary of Twenty-four Hundred Dollars, and the Clerk of the Circuit Court shall be entitled to an allowance of Thirty-six Hundred Dollars per year to be used by the said Clerk in employing such other assistants as he deems necessary." Local Acts of Alabama, 1932, Extra Session, Act No. 260, p. 110, Sec. 6.

On April 28, 1939, the relator, William J. O'Connor, was duly appointed by the circuit clerk under the provisions of said act to serve as clerk of the civil division of the circuit court at the annual salary of twenty-four hundred dollars, as specified therein. This status prevailed until after the enactment of the Civil Service Act of Mobile County, approved September 15, 1939. Local Acts of Alabama 1939, p. 298 et seq.

After the Civil Service Act became operative, the Personnel Board, under authority thereof, adopted a classification and pay plan for all persons in the classified service and fixed the pay of chief clerks at a minimum of $200 per month and a maximum of $250 per month. Thereupon the relator was classified thereunder as chief clerk and his salary fixed by the Personnel Board at $200 per month. This compensation he regularly received, without question by the appellant, until April 16, 1941.

On the last named date, the Personnel Board approved an increase in his monthly salary to $210, thereby effecting a raise in his pay of $10 per month. The appellant has refused to pay the additional $10 per month or to recognize the right of relator to receive the same because of the Granade Act of 1932.

The question, of course, presented by the petition for mandamus, and here, is whether or not the Personnel Board could rightfully place the relator in the classified service and fix his compensation, in view of the earlier, Granade, act of 1932, quoted hereinabove.

The appellant contends that the Granade Act controls the status and compensation of the relator to the exclusion of the Civil Service Act.

The learned judge, before whom the petition for mandamus was heard, ruled otherwise, holding that the Personnel Board acted with full authority in placing the relator in the classified service and in ordering the $10 per month increase in pay.

We entertain the same opinion. Previous decisions of our court, treating analogous questions, conclusively sustain the holding of the trial court. George E. Stone, County Treas., etc., v. State ex rel. Cecilia Goetz, ante, p. 489, 8 So.2d 208; Mobile County v. State ex rel. Farmer, ante, p. 245, 3 So.2d 435.

That relator was properly rated by the Personnel Board as belonging to the classified service is clearly shown by the following quoted provision of the Civil Service Act: " 'Classified Service' includes all offices, positions, and employment in Mobile County * * * as these offices, positions and employment now exist or as they may hereafter exist, the holders of which are paid whether by salary, wages, or fees in whole or in part from funds of Mobile County * * * except those placed in the 'Unclassified Service' by Section Two hereof." Act No. 470, Local, 1939, p. 299, Sec. I.

Upon adverting to Section II to determine who are excluded from the act—i.e. in the unclassified service—we find that relator does not come within any of the excepted groups specified therein.

■ Therefore, not being in the unclassified service, and the classified service including all other offices, positions and employment in Mobile County the holders of which are paid in whole or in part from county funds (all of relator's salary is paid from county funds), the relator's employment is necessarily regulated by the provisions of the classified service. The Board therefore had full authority to classify him as chief clerk and to fix his pay accordingly.

The exclusive and extensive authority of the Personnel Board to adopt and promulgate classification and pay plans for the classified service is found in Section VII of the act. Local, 1939, pp. 303, 304, 305.

■ The concise language of the Civil Service Act makes it clear that, after its effective date, all of the employees of the Circuit Clerk of Mobile County were "blanketed into and under its provisions, as they then or thereafter existed—that is, all of them except possibly" one chief assistant (excluded from the classified service by Section II, subsection 2), not here involved. This was the substance of the holding in our recent case of Mobile County v. State ex rel. Farmer, supra.

■ Appellant lays particular stress upon that part of Sec. XI of the Civil Service Act (Pay Plan) which authorizes the Director to prepare and submit to the Personnel Board a pay plan which "shall include, for each class of positions, a minimum and a maximum rate not inconsistent with such rate or rates as may otherwise in specific instances be fixed by law"; the contention being that to fix relator's salary in excess of $2,400 per annum (the stipulation of the Granade Act) would be inconsistent with the rate of pay in a specific instance fixed by law. But, in view of the comprehensive language of the Civil Service Act, the broad scope of its operation, and the beneficent purposes for which it was enacted, such a narrow construction impresses us as unsound.

■ Appropriately, "it may be stated that the entire Act is highly remedial, and should be liberally and favorably treated and construed with reference to the evils it was intended to curb, and the highly beneficent aims that inspired its adoption. Chittenden v. Wurster, 152 N.Y. 345, 46 N.E. 857, 37 L.R.A. 809." Heck v. Hall, 238 Ala. 274, 279, 190 So. 280, 283.

Using this rule as our guide, it cannot be successfully argued that the quoted clause, above, of Section XI, as to the pay plan, in any way affects our holding.

■ As noted in Stone v. Cecilia Goetz, supra [8 So.2d 208 [1]], this pay plan may be rejected by the Personnel Board in its entirety, or modified, or adopted as the wisdom of the Personnel Board dictates; and the provision authorizing the Director to submit such a pay plan "in no wise limit(s) or restrict(s) the Personnel Board which was authorized to adopt, modify or reject entirely the proposed plan of the Director."

The conclusion finds further support in the broad language of the repealing clause of the Civil Service Act and the construction accorded this clause by our court in the Goetz case, to-wit: "The repealing clause of Section XXXVI of the Act would of itself repeal, if repeal was necessary, the limitation upon the power of the Personnel Board to increase the relator's salary."

■ This repealing clause is: "All laws or parts of laws inconsistent or in conflict with this Act are hereby expressly repealed. Specifically and again without limiting the generality of the above, all laws or parts of laws, the effect of which is to prescribe a

---

[1] Ante, p. 489.

different method of selection or appointment or to fix terms of office or employment and hours of work and the rate of compensation for services contrary to the express or implied effect and provisions hereof are repealed, it being the legislative intent that the terms of this Act shall be fully effective, and laws or parts of laws heretofore enacted, to the contrary notwithstanding." It should be given full effect, having in mind the design and purpose of the entire Act, even to the repeal of a part or all of a special or local law. Heck v. Hall, supra, 238 Ala. page 283, 190 So. 280. It (the Civil Service Act) is a later expression (than the Granade Act) of the Legislative mind in dealing with the officers and employees of Mobile County, and will be given effect accordingly. Mobile County v. State ex rel. Farmer, supra, ante, p. 245, 3 So.2d page 436.

█ It is appropriate to note that the question of the infringement of Section 281 of our Constitution by the increasement of relator's salary is not presented. He is not such an officer as would come within the inhibitions therein prescribed. Yielding v. McCombs, 238 Ala. 635, 193 So. 169; Hard v. State ex rel. Owen, 228 Ala. 241, 153 So. 725; Funderburk v. Oliver, 224 Ala. 301, 140 So. 370; State ex rel. Ray v. Henry, 200 Ala. 480, 76 So. 422.

It is our view that relator is entitled to receive the pay fixed by the Personnel Board. The petition for mandamus was properly entertained so the judgment of the lower court is ordered affirmed.

Affirmed.